CO-PROB12C
(Revised 5/14-D/CO)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

U.S.A. vs. SHYLA JESSIE STAR JONES                              DKT. NO. 1:06CR00195-1

## SUPERSEDING PETITION DUE TO VIOLATIONS OF SUPERVISION

COMES NOW, Christine Garcia, United States Probation Officer, presenting an official report upon the conduct and attitude of defendant Shyla Jessie Star Jones, who was placed on supervision by the Honorable David M. Ebel, sitting in the United States District Court in Denver, Colorado, on May 16, 2007.  The defendant was sentenced to 46 months imprisonment on Counts 1, 4, 6, and 7; 60 months on Count 8, all terms to be served concurrently with each other but consecutively to the term imposed on Count 8, and 5 years supervised release for an offense of Count 1: Conspiracy to Commit Bank Fraud, in violation of 18 U.S.C. § 371; Counts 4 and 6: Bank Fraud and Aiding and Abetting, in violation of 18 U.S.C. §§ 1344 and 2; Count 7: Possession with Intent to Distribute Marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D); and Count 8: Using and Carrying a Firearm During and In Relation to a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A).  Supervision commenced on July 18, 2014, and is set to expire on July 17, 2019.  As noted in the judgment [Document 205], the Court ordered mandatory, special and standard conditions of supervision.  The probation officer alleges the defendant has violated the following terms and conditions of supervised release as set forth herein.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF THE COURT FOR CAUSE AS FOLLOWS:**

**VIOLATIONS ALLEGED:**

**1.  MAKING FALSE STATEMENTS TO THE PROBATION OFFICER**

On or about January 4, 2018, the defendant stated in response to a question from the probation officer that when she was arrested and ticketed for Open Container on December 17, 2017, she was going home from the pool hall with her sisters, when, in fact, she was coming from the King Inn Motel and her male passenger was arrested for Possession of a Controlled Substance and Weapon Possession by a Previous Offender, which constitutes a Grade C violation of supervised release.

On January 4, 2018, the defendant reported as instructed and stated officers saw the open container and arrested her.  When I asked her why they would arrest her for an open container, she stated she didn't know.  I asked her if she had been drinking and she stated, "No. That drink was someone else's from a few days back."  As this arrest did not seem warranted, I advised the defendant I would be requesting the police report.

## 2. FREQUENTING A PLACE WHERE CONTROLLED SUBSTANCES ARE ILLEGALLY SOLD, USED, DISTRIBUTED OR ADMINISTERED

On or about December 17, 2017, the defendant frequented the Kings Inn Motel, a place where controlled substances are illegally sold, used, distributed or administered, which constitutes a Grade C violation of supervised release.

According to the Aurora Police report, on December 17, 2017, Officer Jones with the Aurora Police department observed the defendant's vehicle without any license plate lamps driving east bound on East Colfax Avenue.  Officer Jones conducted a traffic stop and contacted the defendant who advised she was headed to her house after leaving the King's Inn Motel.  The King's Inn Motel is known to be a highly drug and prostitution trafficked area.

Due to the above, the defendant was placed back on random coded urine testing at Independence House-East, Aurora, Colorado.  The defendant was placed on Phase I coding, which consists of three urine tests per month.

## 3. ASSOCIATION WITH A PERSON INVOLVED IN CRIMINAL ACTIVITY

On or about December 17, 2017, the defendant associated with Taiwan John Lee, a person who was engaged in criminal activity, which constitutes a Grade C violation of supervised release.

According to the Aurora Police report, on December 17, 2017, Officer Jones with the Aurora Police department observed the defendant's vehicle without any license plate lamps driving east bound on East Colfax Avenue.  Officer Jones conducted a traffic stop and contacted the defendant who advised she was headed to her house after leaving the King's Inn Motel.  The King's Inn Motel is known to be a highly drug and prostitution trafficked area.  Officer Jones then contacted the male passenger, Taiwan Lee.  During a record check officer's found that Mr. Lee was a documented east side rider crip gang member, and he has prior felony convictions and is known to be armed in the Police Management Information System.  A search was conducted on Mr. Lee's and the passenger side of the vehicle.  Officer Jones observed an open Smirnoff wine cooler sitting in the front floorboard of the passenger seat.  After this a full search of the defendant's vehicle was conducted.  Officers found two firearms stuffed in the middle seat.  Both firearms had a round in the chamber and a fully loaded magazine.  In addition to the firearms, officers found a large sum of cash totaling $1,045.  One roll of cash was found in the glove box, and the other roll was found in the center counsel where officers also found a clear plastic baggie with a white powdery substance, and two scales.   In a purse, officers found a ¾ full pint size bottle of Hennessey.  Although the defendant's credit cards and personal items were in this purse, she denied any knowledge of this purse.  Mr. Lee admitted to ownership of the firearms, cash, and drug paraphernalia.  Mr. Lee advised officers that the defendant was his girlfriend; however, the defendant denies this, stating Mr. Lee was an acquaintance and she was just giving him a ride.  During a check through NCIC/CCIC, the two firearms came back as stolen.

Case 1:06-cr-00195-DME   Document 517   Filed 04/25/18   USDC Colorado   Page 3 of 6

Shyla Jessie Star Jones  
1:06CR00195-1  
Superseding Petition Due to Violations of Supervision  
Page 3  
April 25, 2018

The Glock pistol was stolen out of the Douglas County Sheriff's Office, and the Rome pistol was stolen out of the San Diego Sheriff's Office.

### 4. ASSOCIATION WITH A PERSON CONVICTED OF A FELONY

On or about December 17, 2017, the defendant associated with Taiwan John Lee, a person who had been convicted of a felony, which constitutes a Grade C violation of supervised release.

According to the Aurora Police report, on December 17, 2017, Officer Jones with the Aurora Police department observed the defendant's vehicle without any license plate lamps driving east bound on East Colfax Avenue.  Officer Jones conducted a traffic stop and made contact with the defendant and then contacted the male passenger, Taiwan Lee.  During a record check officer's found that Mr. Lee was a documented east side rider crip gang member, and has prior felony convictions and is known to be armed in the Police Management Information System.

### 5. FAILURE TO PARTICIPATE IN SUBSTANCE ABUSE TESTING AS DIRECTED BY THE PROBATION OFFICER

The defendant failed to provide urine samples at Independence House-East, the testing and treatment program in which the probation officer directed her to participate, on January 31, February 7 and 14, 2018.  This constitutes a Grade C violation of supervised release.

On January 12, 2018, the defendant was referred to Independence House-East at the direction of this probation officer.  On January 31, February 7 and 14, 2018, the defendant failed to submit a urine sample.

### 6. FAILURE TO REPORT ARREST/QUESTIONING BY LAW ENFORCEMENT OFFICER

On or about July 24, 2017, the defendant was contacted by Matthew Cleveland with the Denver Police Department, and failed to report the contact to the probation officer within 72 hours, which constitutes a Grade C violation of supervised release.

On July 24, 2017, I received an email from Officer Cleveland at 12:44 a.m. advising they contacted the defendant in a high crime area (drugs/prostitution).  She was contacted for parking in a no parking zone and was released on a warning.

On August 18, 2017, I attempted to contact the defendant regarding the police contact as she failed to report within 72 hours of being contacted and failed to report the contact on her monthly supervision report.  It wasn't until October 2, 2017, that I confronted the defendant about this unreported contact.  When I asked the defendant what she was doing in this area at this time of night on a Monday, she stated she was getting gas. I

reminded the defendant the officer contacted her because she was in a No Parking Zone.  The defendant then stated had parked there because there was a line for gas.

### 7. FAILURE TO REPORT ARREST/QUESTIONING BY LAW ENFORCEMENT OFFICER

On or about February 13, 2015, the defendant was contacted by the Jefferson County Sheriff's Office, and failed to report the contact to the probation officer within 72 hours, which constitutes a Grade C violation of supervised release.

On February 24, 2015, I confronted the defendant about this unreported contact.  When I asked the defendant about this contact she stated her brother was pulled over.  She stated the officer asked for her name but not her ID. The defendant was reminded to report all police contact.  She apologized and stated she didn't think about it since he did not take her ID.

### 8. MAKING FALSE STATEMENTS TO THE PROBATION OFFICER

On or about January 12, 2018, the defendant stated in response to a question from the probation officer that she did not know Taiwan Lee, and that he was not her boyfriend, when, in fact, she was in a relationship with Taiwan Lee, and has been residing with him, which constitutes a Grade C violation of supervised release.

On January 12, 2018, during a schedule office visit, I asked the defendant if Taiwan Lee was her boyfriend.  The defendant denied this, stating Mr. Lee was an acquaintance of her sisters and she was just giving him a ride during the early morning hours of December 17, 2017, as noted in the alleged violations #3 and 4 of this superseding petition.

On February 20, 2018, I received copies of the defendant's recorded phone calls from the Adams County Jail, from February 15 to 20, 2018.  The defendant made numerous phone calls to Taiwan Lee.  Upon review of the of the recorded phone calls it was apparent the defendant and Mr. Lee are in a sexual relationship and they were residing together at the defendant's unreported address located at 7260 South Gaylord Street, Unit M, Centennial, Colorado, 80122.

### 9. FAILURE TO NOTIFY PROBATION OFFICER OF CHANGE IN RESIDENCE

On or about July 14, 2017, the defendant moved from her residence at 3653 Jasmine Street, Denver, Colorado, 80207, and failed to notify the probation officer of this change 10 days prior to move 7260 South Gaylord Street, Unit M, Centennial, Colorado, 80122, which constitutes a Grade C violation of supervised release.

On February 20, 2018, I was advised by the Adams County Sheriff's Office that the defendant was residing 7260 South Gaylord Street, Unit M, Centennial, Colorado, 80122, not the 3653 Jasmine Street, Denver, Colorado, 80207, address the defendant

had been reporting since 2015. On this same date, I received and listened to the defendant's recorded phone calls from the Adams County Jail, from February 15 to 20, 2018, which verified the offender was living at another address other than the 3653 Jasmine Street, Denver, Colorado, 80207. It was also apparent the defendant was residing with her boyfriend, Taiwan Lee.

On February 21, 2018, I attempted to conduct a community contact with the leasing office; however, I was advised by the maintenance crew that there was no leasing office at this location and that the units are privately owned. I showed them a photo of the defendant and they verified she was renting Unit M. They also provided me with the phone number to the leasing agent for this unit. On this same date, I contacted Shelley with Leasing Management. She verified the defendant has been renting this condo with her husband and two daughters since July 2017, stating she signed a one year lease on July 14, 2017. Shelley also emailed me a copy of the rental lease agreement that has the defendant listed as the renter from July 17, 2017, to May 31, 2018. The defendant's monthly payment is $1,545.

## 10. PURCHASE OR POSSESSION OF A CONTROLLED SUBSTANCE

On or about February 15, 2018, the defendant possessed a controlled substance, cocaine, which had not been prescribed for her by a physician. This constitutes a Grade B[1] violation of supervised release.

On February 15, 2018, deputies with the United States Marshal Service arrested the defendant in the Probation Office on an Adams County Warrant, Case No. 18CR632. On this same date, the Adams County Sheriff's Office took possession of the defendant's vehicle. On February 22, 2018, a search warrant was executed on the defendant's vehicle. Adams County deputies found four cell phones, 2.7 grams of cocaine and two Ecstasy pills in the vehicle. On April 6, 2018, Counts 5 and 6,

---

[1] U.S. v Rockwell, 984 F.2d 1112 (10th Circ) cert. denied, 113 S. Ct. 2945 (1993) equated drug use with drug possession.

U.S. v Robles, 447 Fed. Appx. 892 (10th Cir 2012) finding that drug use equates to drug possession and is a Grade B violation under USSG §7B1.1.

21 USC § 844(a) has a recidivist enhancement that sets the maximum term of imprisonment at 2 years for anyone who possesses drugs following a conviction for any drug, narcotic, or chemical offense.

Ms. Jones has a qualifying prior drug conviction as noted in the instant offense in U.S. District Court, District of Colorado, Docket Number 1:06CR00195-1.

USSG §7B1.1(a)(2) indicates that a Grade B Violation is based on conduct constituting any other offense punishable by imprisonment of more than a year.

App. Note 1 under USSG §7B1.1 provides instruction for applying the correct grade of violation based upon the conduct of the person being supervised. App. Note 5 under 7B1.4 references 18 USC 3583(g) which mandates revocation for possession of a drug.

Case 1:06-cr-00195-DME   Document 517   Filed 04/25/18   USDC Colorado   Page 6 of 6

| Shyla Jessie Star Jones | Superseding Petition Due to Violations of Supervision | April 25, 2018 |
|---|---|---|
| 1:06CR00195-1 | Page 6 | |

Controlled Substance-Possession Schedule 1 and 2 were added to the defendant's charges in Adams County District Court, Case No. 18CR632.

## 11. FAILURE TO PAY FINE/RESTITUTION AS DIRECTED

The defendant has failed to make payments toward her restitution in January and February 2018 as directed by the Court/probation officer, which constitutes of Grade C violation of supervised release.

According to the defender's payment history, she has not made a payment towards her restitution since December 26, 2017. The defendant has paid $39,173.68, joint and several, and has an outstanding balance of $84,257.08. The defendant's payments vary from $25 to $100. In 2015, her income tax return was intercepted by the Financial Litigation Unit (FLU) in the amount of $7,077. Since 2015, the defendant has not filed her taxes.

### RESPECTFULLY REQUESTING THAT THE COURT WILL ORDER:

That this superseding petition replace the previously submitted petition [Document 496] and that the Court consider revocation of supervision at the violation hearing based on this superseding petition.

I DECLARE under penalty of perjury that the foregoing is true and correct.

*s/Christine Garcia*
Christine Garcia
Senior United States Probation Officer
Place:   Denver
Date:    April 25, 2018

*s/Gary W. Phillips*
Gary W. Phillips
Supervisory United States Probation Officer
Place:   Denver
Date:    April 25, 2018

**PRELIMINARY ADVISORY REVOCATION GUIDELINE CALCULATION:**

The defendant was originally convicted of a Class A felony, thus the maximum sentence allowed upon revocation is 5 years imprisonment, pursuant to 18 U.S.C. § 3583(e). Based upon Chapter 7 of the U.S. Sentencing Guidelines, the most serious conduct alleged as a violation of supervision is considered a Grade B violation. The defendant's criminal history is a Category III, thus the advisory guideline range for revocation is 8 to 14 months.